**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| WALTER SHELTON, Individually and On Behalf of All Similarly Situated Persons,     Plaintiff, | § | |
| V. | § | CIVIL ACTION NO.  4:17-CV-1669 |
| AECOM ENERGY & CONSTRUCTION, INC. f/k/a URS ENERGY & CONSTRUCTION, INC. and SYSTEM ONE HOLDINGS, LLC d/b/a PENNSYLVANIA SYSTEM ONE HOLDINGS, LLC,     Defendants. | § | JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Walter Shelton and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

### Parties

1.      Plaintiff Walter Shelton is a former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

2.      Defendant AECOM Energy & Construction, Inc. f/k/a URS Energy & Construction, Inc. ("AECOM") is an Ohio corporation and an "employer" as defined by the FLSA.  With respect to Plaintiff and Members of the Class AECOM is subject to the provisions of the FLSA.  AECOM was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross

annual revenues in excess of $500,000.00.  AECOM may be served through its registered agent, C.T. Corporation System, 1999 Bryan St. Ste. 900, Dallas, Texas 75201.

3.      Defendant System One Holdings, LLC d/b/a Pennsylvania System One Holdings, LLC ("System One") is a Delaware limited liability company and an "employer" as defined by the FLSA.  With respect to Plaintiff and Members of the Class System One is subject to the provisions of the FLSA.  System One was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.  System One may be served through its registered agent, National Corporate Research, LTD. at 1601 Elm St., Suite 4360, Dallas, TX 75201.

### Jurisdiction and Venue

4.      This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.  At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.  At all times pertinent to this Complaint, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).  Additionally, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business.  Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.  Upon information and belief, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

5.     Plaintiff Walter Shelton worked for Defendants as a Quality Assurance Inspector/Engineer from May of 2014 until August of 2015. Plaintiff Shelton's duties include, but were not limited to, overseeing the quality control of construction projects at job sites, reporting quality issues and performance, verify contractors' certifications, job qualifications and tasks completions. Plaintiff was paid on an hourly basis, and was paid at the same hourly rate for all hours worked, including hours worked over 40 in a workweek ("straight time").

6.     At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. Plaintiff is and was not an "exempt" employee.

7.     Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

8.     Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

**Plaintiff's Individual Allegations**

9.     As a non-exempt employee, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendants failed to pay the Plaintiff the required overtime premium in every workweek that the Plaintiff was employed by Defendants in which Plaintiff worked in excess of 40 hours. Plaintiff was paid on an hourly rate basis, but was, until recently, not paid premium pay for hours worked over 40.

10.     No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he works, and the Defendants have not made a good faith effort to comply with the FLSA. Further, Defendants and their predecessor and/or affiliated companies were previously sued for failing to pay overtime, so Defendants were fully aware of their FLSA obligations. As such, the Defendants knowingly, willfully, or with reckless disregard carried out

their illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

## Collective Action Allegations

11.     Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiff is aware that Defendants made/makes a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek.

12.     The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff, performing the same type of manual, physical work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

13.     Further, each Member of the Class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

14.     The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

15.     No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA.  As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage and overtime compensation with respect to the Members of the Class.

16.     The class of similarly situated Plaintiffs is properly defined as:

> All persons employed by Defendants AECOM Energy & Construction, Inc. f/k/a URS Energy & Construction, Inc. and System One Holdings, LLC d/b/a Pennsylvania System One Holdings, LLC who are or were paid on an hourly rate basis during the three-year period preceding the filing of this complaint.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

17.     Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

18.     Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

19.     Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Demand for Jury

20.     Plaintiff demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1.      Issuance of notice as soon as possible to all persons employed by AECOM Energy & Construction, Inc. f/k/a URS Energy & Construction, Inc. and System One Holdings, LLC d/b/a Pennsylvania System One Holdings, LLC, who were paid on an hourly rate basis during the three-year period immediately preceding the filing

of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;

3. An equal amount to the overtime wage damages as liquidated damages;

4. Judgment against Defendants that their violations of the FLSA were willful;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8. Leave to amend to add claims under applicable state laws; and

9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

/s/ Josef F. Buenker
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY-IN-CHARGE FOR
PLAINTIFF WALTER SHELTON**

**OF COUNSEL:**
Vijay A. Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**